UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES SCHLEGEL,

        Plaintiff,

  v.

KAISER FOUNDATION HEALTH PLAN, INC., a California corporation, KAISER FOUNDATION HOSPITALS, a California corporation; THE PERMANENTE MEDICAL GROUP, INC., a California corporation; and DOES 1 through 100, inclusive,

        Defendants.

No. 2:07-CV-00520-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Charles Schlegel ("Plaintiff") has sued Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc. (hereinafter collectively referred to as "Kaiser") on the grounds that Kaiser failed to properly respond to his need for an organ transplant. Plaintiff's complaint includes causes of action for 1) Breach of Duty of Good Faith and Fair Dealing; 2) Breach of Contract; 3) Negligence; 4) Fraud; 5) Negligent Misrepresentation;

1

6) Negligent Infliction of Severe Emotional Distress; and 7) Intentional Infliction of Severe Emotional Distress. Plaintiff's complaint was initially filed in state court on February 9, 2007 and was subsequently removed to this Court on grounds that the claims submitted thereon were preempted by the provisions of the Employee Retirement Income Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Kaiser now seeks to compel arbitration of Plaintiff's claims and to stay this action pending arbitration. For the reasons set forth more fully below, Kaiser's motion to compel arbitration is DENIED.[1]

## BACKGROUND

In 2001, Plaintiff Charles Schlegel enrolled in an individual health insurance policy with Kaiser. In June 2003, Plaintiff was diagnosed with kidney problems and was informed that a kidney transplant was necessary for him to survive. Kaiser did not operate a kidney transplant program at that time. Kaiser referred Plaintiff to the University of California Davis Medical Center who placed him on the national kidney transplant list.

In June 2004, one year after Plaintiff's diagnosis, Kaiser decided to open its own kidney transplant center. All Kaiser members were told to leave their current transplant center and enroll with Kaiser's center.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

In 2006, Kaiser closed its center, reportedly due to problems transferring patients.  Upon investigation, the State of California found numerous Health and Safety Code violations for which Kaiser paid several million dollars.  Plaintiff alleges that Kaiser's mishandling of its transplant program denied him the opportunity to obtain a transplant operation and/or significantly lengthened the time he will have to wait for a kidney to become available.

In addition to the enrollment form executed in 2001, Plaintiff also signed enrollment forms in November 2005, January 2006, and November 2006.  All four forms contained arbitration clauses.  Kaiser claims that these forms either meet the substantive requirements of California Health & Safety Code § 1363.1 or are exempt therefrom.

**STANDARD**

Kaiser brings this Motion to Compel Arbitration under the Federal Arbitration Act, 9 U.S.C. § 2 ("FAA"), arguing that the arbitration clauses contained within its enrollment agreements are governed by the FAA and that said clauses constitute an agreement between the parties to submit their dispute to binding arbitration.  Plaintiff does not dispute the procedural applicability of the FAA, which mandates enforcement of arbitration provisions in a transaction involving commerce. 9 U.S.C. § 2.
///
///

Kaiser's membership agreements have previously been deemed sufficiently linked to interstate commerce to invoke application of the FAA.  See Toledo v. Kaiser Permanente Medical Group, 987 F.Supp. 1174, 1180 (N.D. Cal 1997).

Kaiser's right to compel arbitration is also protected by California law, which has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.'" Moncharsh v. Heily & Blase, 3 Cal.4th 1, 9 (1992).  Upon the filing of a petition to compel arbitration, the court "must determine whether [an] agreement exists and, if any defense to its enforcement is raised, whether it is enforceable." Rosenthal v. Great Western Financial Securities Corp., 14 Cal.4th 394, 413 (1996).  Because § 1281.2 requires an agreement to arbitrate as a prerequisite to granting the petition, the petitioner bears the burden of proving the existence of a valid agreement by a preponderance of the evidence.  Id.  If the opposing party raises a defense to enforcement, that party bears the burden of producing evidence of the defense and proving any necessary facts by a preponderance of the evidence.  Id.

**ANALYSIS**

On September 19, 1994, California added § 1363.1 to the Health and Safety Code "due to a concern 'some health care service plans fail to adequately advise prospective enrollees that terms of the plan restrict or waive the right to a jury trial in medical malpractice cases.'"

4

1 <u>Medeiros v. Superior Court</u>, 146 Cal.App.4th 1008, 1017 (2007).
2 "The plain language of section 1363.1 is clear." <u>Id</u>. at 1018.  A
3 health plan that wishes to impose arbitration on subscribers
4 "must make the mandatory disclosures." <u>Id</u>.  The disclosure
5 requirements of § 1363.1 "are necessary to create an enforceable
6 arbitration provision in a health service plan, regardless of
7 whether the subscriber actually had notice of the term requiring
8 arbitration." <u>Id.</u> at 1019.

9     California Health and Safety Code § 1363.1 requires any
10 health care service plan requiring binding arbitration to state
11 "in clear and understandable language," in a "prominently
12 displayed," "separate article," immediately above the signature
13 line, that the enrollee is waiving his or her right to a jury
14 trial, using substantially the wording in subdivision (a) of
15 California Code of Civil Procedure § 1295.

16     "'Prominent' is defined as 'standing out or . . . readily
17 noticeable.'" <u>Robertson v. Health Net of California, Inc.</u>, 132
18 Cal.App.4th 1419, 1429 (2005).  An arbitration provision that
19 "does not stand out and [is] not readily noticeable from" other
20 provisions is not prominently displayed. <u>Malek v. Blue Cross of</u>
21 <u>California</u>, 121 Cal.App.4th 44, 61 (2004).  Placing the
22 arbitration clause immediately before the signature line does not
23 by itself fulfill the requirement of prominence. <u>Imbler v.</u>
24 <u>Pacificare of California, Inc.</u>, 103 Cal.App.4th 567, 579 (2002).
25 Further, placing the disclosure in a separate article and using
26 bold typeface for the title of the provision do not by themselves
27 fulfill the requirement of prominence. <u>Robertson</u>, 132
28 Cal.App.4th at 1429.

California Health and Safety Code § 1363.1 applies to all health care consumers, including those who enroll in an employee group plan, and not just individual subscribers. Medeiros, 146 Cal.App.4th at 1017. Non-compliance with § 1363.1 renders an arbitration provision in an enrolment form unenforceable. Malek, 121 Cal.App.4th at 62-63.

It is undisputed that Plaintiff signed the forms in question. It is equally undisputed that all four forms contain arbitration clauses which may require arbitration of the current dispute. That the forms were legible when signed is presumed for the purposes of this order. Thus the primary issue before this Court is whether the enrolment forms signed by Plaintiff comply with the requirements of § 1363.1.

**1.   Compliance with Statutory Disclosure Requirements**

Apart from the issue of legibility, none of the arbitration provisions in the four enrollment forms signed by Plaintiff stand out or are readily noticeable from other provisions. While all the arbitration provisions immediately precede the signature line, the font size used in each is the same as, or smaller than, the other text in the form. The font size itself appears to be 9-point or smaller. Further, none of the arbitration provisions are in bold, indented, placed in all capital lettering, set off with conspicuous blank space, or otherwise distinguished from the remainder of the text in the form.

///
///

6

1  The arbitration provisions therefore are not prominently
2 displayed and thus the forms do not comply with the requirements
3 of California Health & Safety Code § 1363.1[2]. Accordingly, the
4 arbitration provisions are unenforceable.

**2. Scope of § 1363.1**

California Health and Safety Code § 1363.1 states that it applies to "[a]ny health care service plan." Plan members that enroll via a form received from an employer are afforded no less protection than those that enroll directly with an insurance company. Medeiros, 146 Cal.App.4th at 1018. "If an employer-prepared form does not provide the health plan with an appropriate 'vehicle' to make the required disclosures then the health plan must provide its own form for this purpose." Id. The four forms signed by the Plaintiff are all self-described as being for enrollment in a "plan" for health care and are therefore "health care service plans" within the meaning of § 1363.1. Thus all of the forms are subject to the disclosure requirements of that section.

///
///
///
///

---

[2] Because this Court finds that none of the four forms contain arbitration clauses that comply with the requirements of California Health & Safety Code § 1363.1, the issue of which of the enrollment forms are relevant to this dispute need not be decided for the purposes of this Order.

7

**CONCLUSION**

Based on the foregoing, this Court finds that the enrollment forms do not comply with the requirements of California Health & Safety Code § 1363.1.  The arbitration provisions in the forms are therefore unenforceable.  Accordingly, Kaiser's Motion to Compel Arbitration is DENIED.

IT IS SO ORDERED.

Dated: August 30, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE