UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES SCHLEGEL, an individual,

    Plaintiff,

  v.

KAISER FOUNDATION HEALTH PLAN, INC., et. al.,

    Defendants.

No. 2:07-cv-00520-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Charles Shlegel ("Plaintiff") alleges Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, Permanente Medical Group, and Does 1 through 100, inclusive (collectively "Kaiser") improperly cared for Plaintiff while he awaited a kidney transplant. Specifically, Plaintiff alleges breach of the duty of good faith and fair dealing, breach of contract, negligence, fraud, negligent misrepresentation, negligent infliction of severe emotional distress, and intentional infliction of severe emotional distress.

1

Presently before the Court is Kaiser's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Kaiser's Motion to Dismiss is DENIED.[1]

## BACKGROUND[2]

Plaintiff enrolled in Kaiser's health plan through an individual policy on or about December 18, 2001. On or about December 12, 2005, Plaintiff enrolled in Kaiser's group health plan through his employer, Vacaville Towing, and has been continuously covered under that group plan to the present day. (Decl. of Thomas Webb ¶ 6.) Plaintiff does not dispute these facts. (Pl. Opp'n 5:9.)

In June of 2003, a Kaiser physician diagnosed Plaintiff as in need of a kidney transplant. Because Kaiser at that time did not operate a kidney transplant program, Kaiser referred Plaintiff to the UC Davis Medical Center ("UC Davis"). UC Davis then listed Plaintiff on the national kidney transplant list.

In June of 2004, Kaiser informed Plaintiff that it was opening a kidney transplant center in San Francisco and that the new center would be able to perform the transplant surgery as well as provide for his postoperative treatment and care.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint otherwise specified.

2

1 Kaiser instructed Plaintiff to remove his name from any non-Kaiser (UC Davis) waiting list and to enroll with Kaiser's transplant center inasmuch as it would no longer be necessary for Plaintiff to receive medical services outside of Kaiser.

Kaiser informed Plaintiff that the authorization for kidney transplant services provided by UC Davis would expire on September 1, 2004. Kaiser assured Plaintiff that he would not lose his place on the national kidney transplant list by changing medical providers and that the transition from UC Davis to the Kaiser transplant center would be smooth and seamless.

On September 1, 2004, Kaiser opened its transplant center. On or about the same day, Plaintiff's transplant authorization from UC Davis expired. At this point, Kaiser had not obtained the authorization needed to provide Plaintiff with appropriate medical care, nor had they transferred Plaintiff to the Kaiser kidney transplant waiting list. Plaintiff alleges Kaiser's delay in obtaining this authorization led to significant delays in treatment and substantially lengthened the waiting time for receiving a kidney.

Throughout this time, Kaiser continued to assure Plaintiff that the delay in transition would not diminish his chance of obtaining a kidney. In reliance on those assurances, Plaintiff continued to pay his health insurance premiums to Kaiser and removed himself from the UC Davis transplant list. In September 2005, approximately one year after Kaiser opened the transplant center, Plaintiff was transferred from the UC Davis' kidney transplant list to the Kaiser kidney transplant list.

///

1  For a period of one year, Plaintiff could not be considered for a
2  kidney transplant.
3      Plaintiff alleges that all representations made to him by
4  Kaiser concerning the opening of a transplant center were false
5  and that Kaiser did not have sufficient resources to treat the
6  number of transplant patients expected.
7       Plaintiff alleges further that Kaiser's lack of resources
8  and its decisions regarding his care prevented him from obtaining
9  a kidney transplant. For example, Plaintiff alleges that Kaiser
10 failed to examine a potential donor who was willing to donate a
11 kidney to Plaintiff.
12     In May 2006, Kaiser closed its transplant center and
13 transferred Plaintiff back to UC Davis.
14     Plaintiff filed his Complaint in the Superior Court for
15 Sacramento County on February 9, 2007.  Defendant removed the
16 suit to this Court on March 15, 2007.  Defendant now moves to
17 dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD

On a motion to dismiss for failure to state a claim under
Rule 12(b)(6), all allegations of material fact must be accepted
as true and construed in the light most favorable to the
nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,
337-38 (9th Cir. 1996).

///
///
///

4

A complaint will not be dismissed for failure to state a claim "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim that would entitle her to relief.'" Yamaguchi v. Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The Court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

Kaiser argues that Plaintiff's claims are preempted by sections 502(a) and 514(a) of the Employee Retirement Income Security Act ("ERISA").  Section 502(a) is a civil enforcement scheme, which authorizes a plan participant to bring suit to recover plan benefits that have been denied, to enforce rights under the plan, or to clarify rights to future benefits under the plan.  29 U.S.C. § 1132(a)(1)(b).
///
///

The Supreme Court has held that Section 502(a) is "the exclusive vehicle for actions by ERISA-plan participants asserting improper processing of a claim for benefits...." <u>Pilot Life Ins. Co. V. Dedeaux</u>, 481 U.S. 41, 52 (1987).  In <u>Aetna Health Inc. v. Davila</u>, the Supreme Court further explained that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." 542 U.S. 200, 209 (2004) (citing <u>Pilot Life</u>).

Section 514(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...."  29 U.S.C. § 1144(a).  To determine whether state law claims "relate to" an ERISA plan, the Ninth Circuit has held that "[i]f a claim involves a medical decision made in the course of treatment, ERISA does not preempt it; but if the claim involves an administrative decision made in the course of administering an ERISA plan, ERISA preempts it." <u>Bui v. American Tel. & Tel. Co.</u>, 310 F.3d 1143, 1149 (9th Cir. 2002).

In the instant case, Plaintiff's claims against Kaiser between December 18, 2001 to December 12, 2005 are not preempted by ERISA because those decisions were made under the Individual Plan.  However, to the extent Plaintiff's claims against Kaiser arise from decisions made after December 12, 2005, those claims may be subject to ERISA regulation because Plaintiff was covered by his employer's Group Plan.  See <u>Waks v. Empire Blue Cross/Blue Shield</u>, 263 F.3d 872, 875 (9th Cir. 2001).  In <u>Waks</u>, the court held that in order for an employee benefit plan to be subject to ERISA regulation,  the "plan must cover at least one employee."

Id. at 875.  The two central objectives of ERISA regulation are "protection of employee interests, and administrative ease for employers."  Id.  When the insured is not an employee, finding an "ERISA presumption would be an absurd result because there is no ERISA plan and no administrator."  Id. at 876.

Kaiser asserts that any claims made pursuant to the Group Plan are preempted by section 502(a) because they would duplicate, supplement, or supplant the remedies established in ERISA.  In support of its argument, Kaiser cites Aetna Health v. Davila, 542 U.S. 200 (2004).  In Aetna, the Supreme Court held that a suit brought "only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and ... not [to] attempt to remedy any violation of a legal duty independent of ERISA" is clearly within the scope of section 502(a) and therefore is preempted.  Id. at 214.  Kaiser argues that all of Plaintiff's claims are based on the assertion that Kaiser wrongfully denied benefits under the Group Plan, and therefore must be dismissed as they are preempted by section 502(a).  Plaintiff does allege that Kaiser wrongfully denied benefits to him, however, it is not clear from the Complaint if the alleged denials were made while Plaintiff was covered by the Individual Plan or the Group Plan.  If a claim occurred during the time period Plaintiff was covered by the Individual Plan, then that claim would clearly fall outside of ERISA regulation.  Furthermore, Plaintiff also alleges that Kaiser "negligently understaffed, underfunded and mismanaged its kidney transplant program."  On its face, this claim does not attempt to rectify the denial of a benefit.

7

1  Therefore, the Plaintiff could prove a set of facts that would
2  overcome section 502(a) preemption if this occurred during the
3  Group Plan.
4      In support of an ERISA preemption under 514(a), Kaiser
5  argues that Plaintiff's claims that arose under the Group Plan
6  should be dismissed because they question the administrative
7  actions of an ERISA plan.  (Kaiser Mot. to Dismiss 13:14-19.)
8  Plaintiff alleges that Kaiser "unreasonably den[ied]
9  referrals..., [u]nreasonably den[ied] authorization to an out-of-
10 plan facility..., and refus[ed] to provide benefits under the
11 plan to which the Plaintiff was entitled."  (Compl. ¶ 28.)  These
12 claims likely relate to administrative decisions made by Kaiser
13 and would be preempted by ERISA if they occurred after
14 December 15, 2005.  However, it is impossible to tell from the
15 face of the Complaint when these claims arose.  Plaintiff also
16 alleges that Kaiser "unreasonably with[held] a medically
17 necessary kidney transplant needed by the Plaintiff."  (Compl.
18 ¶ 28.)  Plaintiff further alleges that Kaiser "fail[ed] to
19 provide patients with reasonable medical treatment that would
20 increase their chances of obtaining a kidney," and "negligently
21 ... mismanaged its kidney transplant program."  (Compl. ¶¶ 22,
22 41.)  If these factual allegations are taken as true and
23 construed in the light most favorable to the Plaintiff, then
24 these claims involve a medical decision made by Kaiser in the
25 course of treatment, and thus survive section 514(a) preemption.
26 ///
27 ///
28 ///

ERISA does not preempt Plaintiff's claims that occurred before December 12, 2005, and ERISA may not preempt Plaintiff's claims that occurred after December 12, 2005.  However, at this early pleading stage, this Court cannot discern whether certain claims are or are not preempted by ERISA.  Accordingly, this Court cannot say Plaintiff can prove no set of facts in support of his claims and the Motion to Dismiss Plaintiff's Complaint is DENIED.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: September 11, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

9