UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES SCHLEGEL, | No. 2:07-cv-00520-MCE-KJM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| KAISER FOUNDATION HEALTH PLAN, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Amended Motion for Reconsideration and Protective Order.  Defendants challenge the decision of the magistrate judge to grant Plaintiff's Motion to Compel production of United Network for Organ Sharing ("UNOS") documents.  However, because this Court determines it lacks the jurisdiction over this action, this case is hereby remanded.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND

Plaintiff originally initiated this suit in Sacramento Superior Court on February 9, 2007, alleging violations of state law resulting from Defendants' improper care while Plaintiff was awaiting a kidney transplant.

In his Complaint, Plaintiff alleges, "On or about December 18, 2001, Charles enrolled in the Kaiser Plan. Charles purchased the plan individually and not through his employment. Charles has been continuously covered under that plan until the present." Complaint, ¶ 13. Plaintiff attached a copy of that enrollment form, which provided specifically, and exclusively, for individual coverage.

Defendants removed the case to federal court asserting that Plaintiff's claims were completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), and therefore arose under federal law as required by 28 U.S.C. § 1331. Defendants based their argument on Plaintiff's subsequent enrollment in a group plan through his employer, Vacaville Towing. Plaintiff allegedly enrolled in that group plan on or about December 12, 2005.

On March 18, 2008, Plaintiff filed a Motion to Compel the production of documents. Just a few days later, on March 21, 2008, Defendants filed a Motion to Dismiss.

///
///
///
///

2

1  On September 11, 2008, this Court denied the Motion to
2 Dismiss on the grounds that it was premature to be able to
3 determine whether ERISA preempted Plaintiff's state law claims.
4 On October 14, 2008, the magistrate judge granted Plaintiff's
5 Motion to Compel.
6  Against this background, Defendants filed a Motion for
7 Reconsideration of the magistrate judge's ruling granting
8 Plaintiff's Motion to Compel.  However, this Court instead holds
9 that it lacks jurisdiction over Plaintiff's claims and now
10 remands this action to state court.

## STANDARD

14  A defendant may remove any civil action from state court to
15 federal district court if the district court has original
16 jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally,
17 district courts have original jurisdiction over civil actions in
18 two instances: (1) where there is complete diversity between the
19 parties, or (2) where a federal question is presented in an
20 action arising under the Constitution, federal law, or treaty.
21 28 U.S.C. §§ 1331 and 1332.
22  The removing party bears the burden of establishing federal
23 jurisdiction.  Ethridge v. Harbor House Rest., 861 F.2d 1389,
24 1393 (9th Cir. 1988).  Furthermore, courts construe the removal
25 statute strictly against removal.  Gaus v. Miles, Inc., 980 F.2d
26 564, 566 (9th Cir. 1992) (citations omitted).  If there is any
27 doubt as to the right of removal in the first instance, remand
28 must be granted.  See Id.

1  Therefore, if it appears before final judgment that a district
2  court lacks subject matter jurisdiction, the case shall be
3  remanded to state court.  28 U.S.C. § 1447(c).
4   When the sole basis of jurisdiction is alleged to derive
5  from 28 U.S.C. § 1331, the district court determines whether
6  removal is proper by first determining whether a federal question
7  exists on the face of the plaintiff's well-pleaded complaint.
8  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  If a
9  complaint alleges only state-law claims and lacks a federal
10 question on its face, then the federal court must remand.  See
11 28 U.S.C. § 1447(c).
12  However, under the "artful pleading" doctrine, there are
13 rare exceptions when a well-pleaded state-law cause of action
14 will be deemed to arise under federal law and support removal.
15 "[C]ourts have used the artful pleading doctrine in: (1) complete
16 preemption cases, and (2) substantial federal question cases."
17 Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033,
18 1041 (internal citations omitted).  Thus, "'[w]hen a federal
19 statute wholly displaces the state-law cause of action through
20 complete pre-emption,' the state claim can be removed."  Aetna
21 Health Inc. v. Davila, 542 U.S. 200, 207 (2004), quoting
22 Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003).  "This is
23 so because '[w]hen the federal statute completely pre-empts the
24 state-law cause of action, a claim which comes within the scope
25 of that cause of action, even if pleaded in terms of state law,
26 is in reality based on federal law.'  ERISA is one of these
27 statutes."  Id. at 207-208.
28 ///

4

1  Therefore, "if an indivdual, at some point in time, could have
2  brought his claim under ERISA § 502(a)(1)(B), and where there is
3  no other independent legal duty that is implicated by a
4  defendant's actions, then the individual's cause of action is
5  completely pre-empted by ERISA § 502(a)(1)(B)."  Davila at 210.

## ANALYSIS

Through his Complaint, Plaintiff alleges only state law causes of action against non-diverse defendants.  Accordingly, the Court lacks jurisdiction unless Plaintiff's claims arise under federal law.  Defendants removed based on just such a theory, claiming that Plaintiff's state law claims are completely pre-empted by ERISA.  Defendants made this assertion based on the fact that Plaintiff was, at the time of filing of the Complaint, covered by a group insurance policy that he had obtained through his employer.  The parties agree that claims made under Plaintiff's individual policy are not covered by ERISA and, therefore, cannot be completely pre-empted by federal law, such that this Court would have jurisdiction.  See Waks v. Empire Blue Cross/Blue Shield, 263 F.3d 872, 875 (9th Cir. 2001).  Therefore, if Plaintiff's claims arise only under that individual policy, they are not completely pre-empted and removal was improper.

It is clear from the face of Plaintiff's Complaint that the relief he seeks arises solely under his individual policy, and not under the later group plan in which he enrolled.  Plaintiff specifically states in the Complaint that "[o]n or about December 18, 1001, Charles enrolled in the Kaiser Plan.

5

Charles purchased the plan individually and not through his employment."  Moreover, Plaintiff attached a copy only of that individual plan and made no reference to his later group policy.  Additionally, Plaintiff refers to the policy only in the singular, indicating, consistent with his express allegations, his intent to proceed only under the terms of his individual plan.

While the complete preemption doctrine allows the Court to look beyond Plaintiff's well-pleaded complaint to determine the potential federal nature of his state law claims, the rule does not allow the Court to alter the factual basis of Plaintiff's allegations.  Though any claims Plaintiff might pursue under the later group plan could potentially be completely pre-empted by ERISA, those claims are simply not implicated by Plaintiff's existing Complaint.  Plaintiff expressly seeks relief via his Complaint only for injuries sustained as a result of coverage he received through an individual policy.[2]  Since such policies are not covered by ERISA, Plaintiff's claims are not completely pre-empted such that jurisdiction is proper in this Court.

///
///
///
///

---

[2] Plaintiff's statements to the contrary in the context of his Opposition to Defendants' Motion to Dismiss are not relevant to the Court's interpretation of Plaintiff's Complaint.  Despite his later arguments, the simple fact remains that Plaintiff chose to initiate litigation only under the terms of his individual policy, a choice that entirely deprives this Court of removal jurisdiction over his claims.

6

**CONCLUSION**

Accordingly, this case is remanded to state court, and the Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: January 14, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE